UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

2005 JAN 25 P 1:44

U.S. DISTRICT COURT
HARTFORD, CT

ALLISON CRADDOCK     :
    V.                   :   PRISONER
                         :   CASE NO. 3:01CV110 (RNC)
WARDEN JONES, et al. :

### RULING ON MOTION TO REOPEN

On October 4, 2001, the court ordered plaintiff to complete U.S. Marshal-285 service forms and return them to the court within twenty days. The court informed plaintiff that failure to comply with the order could result in dismissal of this action without any further notice as to any defendant for whom service forms were not returned to the court. Plaintiff failed to comply with the court's order. On November 20, 2001, the Court entered a judgment of dismissal due to plaintiff's failure to comply with the court's order.

Plaintiff filed a status report in October 2004, stating that he "briefly misplaced his docket number." He asks the court to consider reopening the action.

Rule 60(b) of the Federal Rules of Civil Procedure provides that the court may relieve a party from a final judgment because of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying

the relief from the operation of judgment." Fed. R. Civ. P. 60(b). Any motion pursuant to subsections (1), (2) or (3), however, must be filed not more than one year after the entry of judgment. Id.

Judgment entered in this case more than three years before plaintiff filed the present motion to reopen. Plaintiff has failed to set forth a valid basis for reopening this case. Accordingly, plaintiff's motion to reopen [doc. # 9] is denied.

So ordered.

Dated at Hartford, Connecticut, this 25 day of January, 2005.

Robert N. Chatigny
United States District Judge